## E. CANNON'S LESSEE v. WILLIAM COFFIN.

Court of Common Pleas.   Sussex.   April 24, 1801.

*Rodney's Notes.*[*]

*D. Hall, Ridgely* [for plaintiff].   *Wilson, Cooper* [for defendant].

R. Shankland.   [It was] surveyed and located according to directions of the warrant.   Mr. Coffin lived near;  a part of his plantation is represented by No. 1.

Caldwell King.   I have heard Coffin acknowledge the gum tree was Cannon's boundary.   I worked twenty years ago and more under Sothy King, my father, on Hudson's seventeen years ago.   Mr. Cannon planted Battle Hill.   Sothy King threw down the fence, and the cattle ate the corn.

*Cooper* for defendant.   Hearn surveyed a warrant to Sothy King, 1776;  which was resurveyed in part for Caldwell King by Rankin, and finished by Mr. Hearn for. Abraham Betts, called Hog Quarter Enlarged.

*Ridgely,* for plaintiff, objected to resurvey etc., there being no evidence of the original survey being completed, and also that there is no evidence that Abraham Betts legally claimed under King's warrant.   As to our being concluded by the certificate of Commissioners, the authority delegated to Commissioners of Land Office is unconstitutional, and that the Legislature had no power to create.   Constitution, Art. 6, s. 3, [1 Del.Laws] 39, "and such courts, two-thirds of each branch concurring."   Courts of record, so far as their decisions go, are binding.   The Court of Appeals have directed in several cases coming from the Board to have the fact tried in a court of record.

[*] This case is also reported in *Wilson's Red Book, 338.*

*Wilson.* I contend if this survey of itself is evidence, it is not necessary to show the connection, or that the party is not legally claiming.

PER CURIAM. No assignment appearing to be made to Betts, the paper offered is incompetent.

Whereupon *Mr. Wilson,* for defendant, prayed an exception, which was drawn up by the counsel and allowed by the Court.

*Mr. Cooper.* Conveyance bond to William Coffin from A. Betts.

Solomon Vincent. I am sixty years old. John Harper was the first that lived on the land; next William German, a tenant under Sothy King; next Abraham Betts, who lived there six or seven years, moved away five or six years ago.. William Coffin, the present defendant, then came. Has been cleared twenty years. The dispute was settled in favor of King.

Solomon Willey. Harper lived on the land but said it was vacant.

*Ridgely* offered to read an award between Cannon and King. Objected to, and the Court decided the same incompetent, the lines and location not being laid down in the plot.

*Mr. Wilson* then offered to give evidence by S. Hearn of a survey made by Rankin, but which was never completed nor returned. Overruled by the Court.

*Mr. Hall,* for plaintiff.

*Mr. Cooper,* for defendant. No payment of caution money by E. Cannon, title not complete. [2] Del.Laws 1177.

*Wilson,* for defendant. S. Vincent says "This is the land Sothy King's warrant was for," and if we show possession and a title in a third person, plaintiff cannot recover, and I will now show the plaintiff's title is deficient. Cannon's warrant is a proprietary warrant for his use. See Land Office Law, s. 5, [2 Del.Laws 1178], proprietary warrants not grants but applications for land subject to caveats and not to affect other titles.

*Ridgely.* Caldwell King proves possession seventeen years ago. Warrant, 1766; no objection to it until 1776.

CHIEF JUSTICE BOOTH. The principal point in this cause appears to be whether the warrant granted to Sothy King in 1776, on which there is no survey or return, is such a warrant as will invalidate the plaintiff's warrant under the section [of the] Land Office Law, 2 Del.Laws 1178, in possession within twenty years etc., which you will determine.

Verdict for defendant.